**Manuel OVALLES; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74730.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 7, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioners.

Mary Jane Candaux, Arthur L. Rabin, Mark C. Walters, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Manuel Ovalles, Maria Esther Navarrete–Fonseca, and their daughter, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeals from an immigration judge's ("IJ") decision denying their applications for cancellation of removal, and the former Legalization Appeals Unit's ("LAU") orders dismissing Ovalles' and Navarrete–Fonseca's appeals from the denial of their Special Agricultural Worker ("SAW") applications. Our jurisdiction to review the denial of a cancellation application is governed by 8 U.S.C. § 1252. We have jurisdiction to review the denial of a SAW application pursuant to 8 U.S.C. § 1160(e)(3). We dismiss in part and deny in part the petition for review.

▮ We lack jurisdiction to review petitioners' contentions that the IJ violated

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their procedural due process rights by taking their initial pleadings without counsel and refusing a continuance because they did not exhaust these arguments before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (the court generally lacks jurisdiction to review issues not raised before the BIA).

█ A decision of the LAU is conclusive unless the LAU abuses its discretion or makes findings that are "contrary to clear and convincing facts contained in the record considered as a whole." *Perez–Martin v. Ashcroft*, 394 F.3d 752, 758 (9th Cir.2005) (quoting 8 U.S.C. § 1160(e)(3)(B)). Contrary to Ovalles' contention, it was not an abuse of discretion for the LAU to dismiss his appeal where the government offered rebuttal evidence which called into question his claim of employment for Pedro Aguirre, and where neither Ovalles' initial SAW application nor his reply to the government's April 5, 1991 notice referenced the claim of employment for Marcos Vizcaino that Ovalles submitted on appeal. *See* 8 U.S.C. § 1160(b)(3)(B)(iii).

It was not an abuse of discretion for the LAU to dismiss Navarrete–Fonseca's appeal as untimely because she did not respond to the government's February 21, 1989 notice within 30 days and waited more than four years to appeal the denial of her SAW application. *See* 8 C.F.R. § 103.3(a)(3)(i).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**